OK, let's see what plan for the appellant here, right? All right, ready to proceed? Good morning, Your Honors. I'm Ernest Thayer, representing the plaintiff and appellant, Cherish Wong. I'd like to reserve half of my time for rebuttal. Well, you keep track of that old clock in front of you, all right? Go ahead. In our opening brief, we cited Sedema, a case that the U.S. Supreme Court decided almost two decades ago, and in which it held that both the Supreme Court and Congress believed RICO should be read broadly to effectuate its purposes. There's been no change in the Supreme Court or Congress's evaluation of RICO in the ensuing two decades. Insofar as our claim under Section 1962A is concerned, the trial court appears to have believed that only if the plaintiff could allege that the monies acquired from him or herself were later used by the defendant, in other words, could he state a claim under 1962A. We think that the Sixth Circuit answered that question in the negative in the Vemcoke v. Camardella case that we cite in our reply brief at page 3. In other words, if the defendants have utilized monies previously acquired during their improper and illegal behavior, that suffices insofar as Section A is concerned. With regard to Section B, the trial court mistook my own oral argument for an admission that we could not state a claim under Section B unless we had discovery. I made no such representation, and in fact, this Court's decision in Schreiber, which we refer to in our opening brief at page 6, in which we discuss more thoroughly at tab 8, page 129 in the appendix, shows that we have, in fact, stated a claim under Section B. And if we have erred in that belief, then the Court should have permitted us further or permitted us some discovery in order to correct that deficiency. With regard to Subsection C, Your Honors, there is no reported case, either from a circuit court or from a district court, which has held that in a situation in which a participating corporation is a part of the entity, that the structural composition is lacking and that the case may be dismissed for failure to state a claim. And insofar as Subsection D is concerned, obviously, if the plaintiff has stated a claim under Subsections A, B, or C, then necessarily he has stated a claim under Subsection D. I would request the Court to pay particular attention to tabs 2 and 3 in our excerpts of the record, because almost immediately after this case was removed to the federal court, the district court ordered the plaintiff to show cause as to why the RICO cause of action should not be dismissed. That was an action by the court which was not prompted by the plaintiff. It was an action which the court took on its own. It then required the plaintiff to complete the form which is at tab 3, which is the district court's RICO standing order, which contains 20 questions, several of them with multiple subparts, and which the district court treats as a pleading, the statement, the RICO statement that that order requires the district court treats as a pleading. We have cited the Swierkiewicz case, a 2002 case by the United States Supreme Court, which shows that Rule 8 should be followed by the trial courts with regard to a statement. Would you agree that you would have to follow Rule 9 because this is, in essence, a fraud claim? I would agree, Judge Fletcher, that we must and did follow Rule 9 with regard to the specifics of the fraud which we were claiming. But with regard to the many other allegations that are required in a RICO cause of action, I believe that no such specificity is required. And that Rule 8 governs with regard to no displeading. I have always had trouble with RICO cases, finding the enterprise, finding the pattern, finding the various things. And here it's difficult to see what the enterprise is. Can you elaborate a little bit? Yes, indeed. The enterprise consisted of the corporate defendants and of their principal employees, presidents, and of Citibank, which is not a defendant, which is not alleged to be a wrongdoer, but which was part and parcel of the enterprise. And we've cited cases which show that even the plaintiff in a properly alleged RICO cause of action may be a part of the enterprise, because the plaintiff or, in this case, the non-defendant Citibank, a credit card issuer, is an active but innocent pawn in the activities of the defendants, and therefore is a member of the enterprise. Mr. Thayer, you wanted to reserve half your time, but you only have two minutes left. I'd like to reserve the balance of my time, Your Honor. May it please the Court. Good morning, Your Honors. I'm Tomio Narita, and I represent all of the defendants and appellees. With me at counsel's table is David Moyer of my office, who assisted me in this case. And this morning I want to first address how the record shows that the district court properly dismissed all four of the purported RICO claims in this case and why it was proper for the Court to conclude that those claims should be dismissed without leave to amend. And I'd also like to then address why the Swierkiewicz case from the United States Supreme Court and also this Court's case in Galbraith did not apply here. And then I will also address a few of the remarks Mr. Thayer made in his opening remarks. Now, with respect to the subsection A and B claims, the district court found that those claims should be dismissed because the plaintiff was not injured by reason of the alleged RICO violations. There was no direct and proximate harm alleged by law. And the Court also concluded that there was no way that Waugh could amend. It would be futile to give him leave to do so. And here's why. I think the injury in this case is very clear. The injury that Waugh says that he suffered was the $119.95 that he paid to Metras in response to the credit card bill that he received. So that's when his injury occurred, when he made the decision to write the check and send it in to the defendants for, in response to a bill that he says included an improper charge. So the district court looked at that and said there is no set of facts where you could conclude that that injury, that payment, was made as a direct and proximate result of the defendant's investment of racketeering income in enterprise, or the defendant's acquisition or control of an interest in enterprise. And just by nature of the plaintiff's theory, it couldn't work. I guess I'm not quite sure that I follow that. Why isn't the loss of the $119 traceable to, if one believes the allegations, traceable to the defendant's inappropriate activity? Well, it may be traceable, Judge Pollack, and in a very ethereal sense. I mean, I think courts have said that everything arguably is a but-for cause of something back in the future. The question is whether it is the proximate result. Is the defendant's conduct, the defendant's investment or the defendant's acquisition or control of enterprise, is that the proximate direct conduct that caused Mr. Wah to pay this credit card bill? And it is not. He made a decision, rightly or wrongly or negligently or intentionally or otherwise, to make a payment on his credit card despite the fact that it included a charge that he says he knew was improper. And so that's the moment when his harm occurs. The harm didn't occur when the defendants notified Citibank that there was a credit card transaction from which it wanted payment and it was one that should not have, as a plaintiff sees it, been demanded? Well, I don't believe so, Your Honor. I don't believe so. I think at that point, no one is harmed. No one has parted with any money. There's just been what Mr. Wah says was an improper communication. He alleges that my client improperly told Citibank that there was an authorization for this charge. But that in and of itself doesn't cause any harm because it happens all without Mr. Wah's involvement or knowledge. The harm occurs when he writes the check. That's when he parts with his money. That's when he's injured. You're not saying that they wouldn't be liable for fraud, are you? Well, I don't believe they're liable for fraud. I do not, even if all the facts were true. No, I don't think. In common law fraud, someone, the plaintiff has to change his position and be harmed. Well, he sent in a check. Well, right. But by his own pleadings, if you accept his pleadings as true, he was made an offer. He reviewed the offer, rejected it, and got a bill and then elected to pay the bill. He wasn't fooled or tricked by the bill. He saw there was an improper charge but decided to pay it anyway. He did not need to – he wasn't tricked into changing his position. He basically elected to make his payment on his card. Well, if your clients did what was alleged, they wouldn't wind up as poster persons for the better business people, would they? Not at all. Not at all. But I don't – if my clients did what was alleged, it wasn't the right thing to do, obviously. But I think Judge Fletcher's specific question was, is it fraud? And I don't believe it is. I don't think he's pleading. Well, I guess I'm not quite satisfied with your answer. There are a lot of reasons why one might pay the bill. For example, right now, there's a $400 charge on my credit card bill that is improper. But if I don't pay the bill, then they add on all of this usurious interest and you get into a fight. So it's better to pay the bill and then fight for the credit. But it doesn't take away from the fact that your client has been conducting himself in a fraudulent manner. Well, actually, Judge Fletcher, there is a – there is a procedure that exists both under State and Federal law that addresses the situation you describe, which is a billing error notice procedure. But that doesn't have anything to do with the fact that you're – if we believe the allegations, that your client was involved in fraudulent activity. Well, they have – he has alleged that my client was involved in fraudulent activity. That allegation is in there. The question is, given that allegation, you still have to look at the pleadings and decide whether or not fraud has been alleged. And I don't think it has. I think in order for fraud to be alleged, someone has to – Well, I guess maybe we're getting ourselves sidetracked. I wanted you to concede that the activity was probably fraudulent, but that it still didn't necessarily bring you under RICO. Well, I think that's – that is true, Your Honor, and that in order to – in order to get to RICO, you have to prove the fraud. Then you have to – excuse me – allege the fraud. You also have to allege injury by reason of the fraud. And as I said, with respect to subsection A and B claims, the district court properly found that he had not. Now, with respect to the subsection C claims, it is – it is not correct that simply by adding a corporation in as a member of the enterprise, you automatically satisfy the Chang requirements. I think Chang itself is the best example of that. In Chang, there was a corporation that was a member of the enterprise. Despite that, this Court went on to analyze the various roles and the various allegations and how that no separate enterprise had been fled. Simon, the same thing, was a – was a – multiple corporations were involved in the enterprise, but they still weren't enough. Finally, as I see my time is running out, the Swierkiewicz case deals with heightened pleading standards. There was no heightened pleading standard applied here. There was a – What do you mean? What about the requirements of the standing order? Isn't that a heightened pleading requirement? No, Your Honor, it's not. What is it if it's not a heightened pleading requirement? Well, if you – if you look at what the district court did, Your Honor, it did ask Mr. Waugh to comply with the RICO standing order. No, it didn't. It treated that RICO statement as a pleading because it dismissed the claim that was never pled in a complaint, right? Well, correct. In a sense, it was a – If that's not a heightened pleading standard, what is? Well, what – I see the RICO standing order as essentially the judge giving Mr. Waugh another chance to amend his pleading, which he did. So then the district court applied Rule 12, which is still in effect, and applied the controlling case law from this circuit and Rule 12. The district court did not say, I'm going to dismiss your claim because you haven't complied with my RICO standing order. The district court said, I see Rule 12, I see the controlling law of the circuit, and you have not stated it. All right. Thank you. Mr. Thayer, rebuttal. Your Honors, Judge Henderson did not dismiss any of these causes of action because of a failure of pleading approximate cause. There's nothing in any of his orders or any of the colloquy in the court which would lead anyone to believe that this case was dismissed because of a failure to plead approximate cause. And secondly, insofar as the question of fraud is concerned, my opponent raised that question with Judge Henderson in the trial court, and Judge Henderson replied that he was satisfied that he – that Waugh had pleaded the predicate acts of fraud with sufficient particularity. And I refer the court specifically to the transcript supplied by the appellee's tab 6, page 72, lines 10 to 16. Your Honors, with regard to the heightened pleading requirement, there is no circuit court anywhere in this country which has ever approved this trial court's standing RICO order. It's a heightened pleading requirement if ever there was one. Finally, insofar as the dismissal with prejudice is concerned, we have cited, requested the court to take judicial notice, and the court has taken judicial notice of actions in the state court. And we have cited state court appellate decisions which show that insofar as RICO claims are concerned, state courts, and particularly the state court in which we filed our actions. That request doesn't make any sense at all, because if that were to be done, the claim would be dismissed without prejudice, and we'd file in state court, right? Yes. And then the defense would remove it again to federal court. Your Honor, that would be an act. Is that right? No. They have the right to remove any federal claim, right? Under your procedure, you'd be caught in an endless circle. Your Honor, once this court or any appellate court has ruled that the plaintiff has failed to satisfy federal pleading requirements, it would be a very obtuse defendant who would remove once again. No, but if you fail to satisfy federal pleading requirements, then you fail to state a claim, and a failure to state a claim is a judgment on the merits. I don't see how else a failure to state a claim can be viewed. But if we follow your scenario, we'd be just caught in an endless circle. Why couldn't they remove your second RICO action? Because this court — There's no exception in the statute that says, well, a second action can't be removed. Is there? Your Honor, there's a difference between procedure and substance. And the United States Supreme Court has ruled that RICO claims are cognizable and may be pursued in state court. But the Congress has said a defendant can remove a federal claim to federal court. But once — And a RICO claim is a federal claim, right? Right. But once it's been — So they could remove the second action. So I just don't understand your, you know, what you're trying to do there. Take it a different way, Mr. Thayer. Let's assume for purposes of discussion that it couldn't be removed again. Removal wasn't sought. The fact that the California courts may have a different pleading standard for RICO doesn't seem to negate the fact, if we assume for the moment that Judge Henderson was right in the pleading standard that he applied, if you'll assume that for the moment, then you're contemplating a scenario in which the California courts would be applying a lessened pleading standard, which by hypothesis is an incorrect one, because this Court has determined that Judge Henderson was correct in the pleading standard that he imposed. Not so, Judge Pollack, because this Court would have decided that Judge Henderson was correct insofar as pleading requirements in the federal court are concerned. But that's part of the pleading standard for a federal cause of action. Are you suggesting that the California courts could properly have a different construction of RICO than that determined for the required federal standard? Absolutely, insofar as pleading requirements are concerned. Not only am I suggesting it, but Gervais, the primary State appellate court decision that we've cited, so holds. Okay. But to say that Gervais would reign supreme over determinations by this Court or the that no longer was a supremacy court. Your Honor, I... You've suggested that there's a difference between substance and presumption. I quite agree with that. But procedure with respect to a federal cause of action, it's got to be in harmony with federal standards, doesn't it? Well, I submit that if the answer is yes, then Gervais is wrong. I'm not here to defend Gervais. Excuse me. I've taken up too much of your time. All right. I have nothing further to add. Thank you very much. Then this case also is submitted for decision. We thank both counsel. Next case on the argument calendar is Turner v. Cook. But I don't know if, let's see, if both counsel are here. Is Mr. Frank here yet? I'm sorry, Your Honor, I'm not here. All right. Then we'll take... Then we'll call Turner v. Cook next.
judges: B Fletcher, Tashima, Pollak